UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bernard Stacy Jackson, #210745, | C/A No. 6:10-2446-TLW-KFM |
| Petitioner, | |
| vs. | **Report and Recommendation** |
| Michael McCall, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding *pro se*, files this matter pursuant to 28 U.S.C. § 2254. Petitioner is confined at the Perry Correctional Institution, a facility run by the South Carolina Department of Corrections, serving a 30-year to life sentence for the murder of a South Carolina Highway Patrol trooper. In the instant petition, petitioner claims there has been a fundamental miscarriage of justice, and he states he is actually innocent of the crime of murder. He asks this Court to vacate his conviction and sentence, and release him from the custody of the State of South Carolina.

Petitioner has previously challenged this same conviction and sentence in this Court. *See Jackson v. South Carolina, et al*, Civil Action No.:6:04-1418-TLW-WMC. This Court may take judicial notice of its own files and records. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition, pursuant to the procedural provisions of 28 U.S.C. §§ 1915 and 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

As noted above, the petitioner has had a prior § 2254 habeas corpus action in this court challenging his 1994 conviction and sentence for murder. Summary judgment for the respondents was granted in the petitioner's prior § 2254 case. As a result, the § 2254 petition in the above-captioned case is subject to dismissal under Rule 9 of the Section 2254 Rules. *Miller v. Bordenkircher*, 764 F.2d 245, 248-250 & nn. 3-5 (4th Cir. 1985). *See also McClesky v. Zant*, 499 U.S. 467(1991); Section 106 of the AEDPA, Public Law 104-132, 110 U.S.Stat. 1214; and *Bennett v. Angelone*, 92 F.3d 1336, 1343 (4th Cir. 1996).

Furthermore, there is no indication that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the § 2254 petition in the above-captioned case. Leave from the United States Court of Appeals for the Fourth

Circuit is now required under the AEDPA for filers of successive or second § 2254 petitions.

## RECOMMENDATION

Accordingly, it is recommended that the § 2254 petition in the above-captioned case be dismissed *without prejudice* as a successive § 2254 petition under Rule 9 of the Section 2254 Rules, *without requiring the respondents to file a return*. *See Erline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006)(in both habeas corpus and *in forma pauperis* proceedings district courts are charged with the duty of independently screening initial filings and dismissing those actions that plainly lack merit).

s/Kevin F. McDonald
United States Magistrate Judge

October 12, 2010
Greenville, South Carolina

***The petitioner's attention is directed to the important NOTICE on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Room 239
300 East Washington St.
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).